IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KING RECORDS, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:03cv1130 |
| ) | |
| DONALD M. DAILY, et al., ) | Judge Thomas A. Wiseman, Jr. |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiffs' motion for summary judgment (Doc. No. 304). Specifically, Plaintiffs seek summary judgment on the following grounds:

(1) That Defendants have received "all associated rights and obligations" to which they are entitled in the George Jones Musicor Recordings that were to be transferred to Defendants pursuant to the August 30, 2003 letter agreement ("Settlement Agreement");

(2) That Defendants have received all the George Jones Musicor master recordings as well as all "DATs, multitrack and mixed-down tapes" that they are entitled to receive pursuant to the Settlement Agreement; and

(3) That the only sales by Plaintiffs of product manufactured from the Musicor Recordings after the expiration of the time period provided in the Settlement Agreement for Plaintiffs to sell off existing inventory were sales by Plaintiff International Marketing Group ("IMG") of 1,359 items to Music Net, Inc.

(*See* Doc. No. 304, at 1–2.) As set forth in the accompanying Memorandum Opinion, the Court finds that material issues of disputed fact preclude summary judgment on the issues of (1) whether Plaintiffs conveyed all the multitrack Musicor recordings in their possession that they were required to convey and (2) whether the recordings to which the parties refer as the "Mike Stone Tapes" are "mixed-down tapes" that Plaintiffs were required to convey to Defendants in accordance with the Settlement Agreement. Summary judgment on those two issues is therefore **DENIED**.

Plaintiffs, however, are entitled to summary judgment in their favor on the remaining issues raised in their motion on the basis that there are no material issues of disputed facts and Plaintiffs are entitled to judgment as a matter of law on those issues.

Accordingly, the Court hereby **ORDERS** that summary judgment be, and is hereby, entered in

Plaintiffs' favor on the issue of whether Plaintiffs breached the Settlement Agreement by failing to convey to Defendants all intangible rights associated with the George Jones Musicor recordings that were required to be transferred to Defendants pursuant to the Settlement Agreement.

Second, the Court hereby **ORDERS** that summary judgment be, and is hereby, entered in Plaintiffs' favor on the issue of whether Plaintiffs breached the Settlement Agreement by failing to deliver DAT recordings of the George Jones Musicor master recordings.

Third, the Court hereby **ORDERS** that summary judgment be, and is hereby, entered in Plaintiffs' favor on the issue of whether Plaintiffs breached the Settlement Agreement by failing to convey any Master recording or copy of the 28 songs Defendants claim were recorded by George Jones for Musicor but of which no recordings were conveyed to them, on the grounds that there is no competent evidence demonstrating that George Jones recorded those particular songs on the Musicor label.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge